O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALONZO MCKINNEY, | ) | Case No. CV 14-1102-GAF (DTB) |
| Petitioner, | ) | |
| vs. | ) | ORDER SUMMARILY DISMISSING PETITION FOR LACK OF JURISDICTION |
| ACEBEDO, WARDEN | ) | |
| Respondent. | ) | |

On February 12, 2014, petitioner Alonzo McKinney filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. Having reviewed the Petition, it appears to the Court that it constitutes a second or successive petition within the meaning of 28 U.S.C. § 2244(b).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1

## PRIOR PROCEEDINGS[1]

On August 13, 1997, after a jury trial in Los Angeles County Superior Court, Case No. BA140260, petitioner was convicted of assault with a deadly weapon upon a peace officer (Cal. Penal Code § 245(c)) and resisting an officer by means of threats or violence from the performance of his duties (Cal. Penal Code § 69); the jury also found that petitioner had suffered two prior convictions within the meaning of California's Three Strikes law (Cal. Penal Code §§ 1170.12(a)-(d) & 667(b)-(I)). (Petition at 1; Report and Recommendation of United States Magistrate Judge ("R&R"), filed on February 12, 2001, Alonzo McKinney v. High Desert State Prison, Case No. CV 99-3331 RMT (EE) ("First Action") at 1; First Amended Petition, filed on May 3, 1999 ("First FAP"), Alonzo McKinney v. High Desert State Prison, Case No. CV 99-3331 RMT (EE) at 3). Thereafter, the trial court sentenced petitioner to state prison for 25 years-to-life. (See id.).

On March 30, 1999, petitioner, proceeding pro se, filed in this Court, the First Action, pursuant to 28 U.S.C. § 2254, challenging his conviction in Los Angeles County Superior Court Case No. BA140260. (R&R at 1; First FAP at 3.) Petitioner filed his First FAP on May 3, 1999. (First FAP at 1). On February 12, 2001, the Magistrate Judge issued his R&R, recommending that the First Action be dismissed with prejudice on the merits. (Id. at 14). The Court adopted the R&R and dismissed the First Action on March 23, 2001, with prejudice. (See Judgment, Alonzo

---

[1] The Court may take judicial notice of the existence of court filings and another court's orders. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)). As such, the Court takes judicial notice of the court filings and orders from Case Nos. CV10-1932-GAF (FMO) and CV 99-3331 RMT (EE).

McKinney v. High Desert State Prison, Case No. CV 99-3331 RMT (EE)). On July 13, 2001, the Ninth Circuit Court of Appeals denied petitioner's request for certificate of appealability. See McKinney v. Cal. Dep't of Corr., No. 01-55805 (9th Cir. July 13, 2001). On March 17, 2010, more than eight years later, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254, in this Court, Alonzo McKinney v. People of the State of California, Case No. CV 10-1932 GAF (FMO) (the "Second Action"), challenging various aspects of his conviction and sentence in Los Angeles County Superior Court Case No. BA140260. (See March 17, 2010 Petition at 1 & 4-5). On April 8, 2010, the Court issued an Order Summarily Dismissing Petition for Lack of Jurisdiction on the basis that the Second Action constituted a second or successive petition challenging the same conviction as petitioner's First Action, within the meaning of 28 U.S.C. § 2244(b). Judgment was entered, dismissing the petition without prejudice on April 9, 2010.

On June 19, 2013, petitioner filed another Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254 in Alonzo McKinney v. Lisa Lichenstein, Case No. CV 13-4403-GAF (DTB) (the "Third Action"). On July 6, 2013, Judgment was entered dismissing the Third Action with prejudice on the grounds that it also constituted a second and/or successive petition challenging the same conviction as petitioner's First Action, within the meaning of 28 U.S.C. § 2244(b). On July 29, 2013, petitioner filed a Notice of Appeal of the Judgment and on November 20, 2013, the Ninth Circuit denied petitioner's request for a certificate of appealability.

Now, nearly fifteen years after he filed the First Action, petitioner has filed the instant Petition, challenging various aspects of the same conviction and sentence in Los Angeles County Superior Court Case No. BA140260 that he previously challenged in the First, Second and Third Actions. (See Petition at 1 & 5-6).

/ / /

/ / /

## DISCUSSION

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> "(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

///

///

Thus, it appears that the Petition now pending constitutes a second and/or successive petition challenging the same conviction as petitioner's prior habeas petition, within the meaning of 28 U.S.C. § 2244(b). As such, it was incumbent on petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

For the foregoing reasons, IT IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 24, 2014

_____
GARY A. FEESS
UNITED STATES DISTRICT JUDGE

Presented by:

_____
David T. Bristow
United States Magistrate Judge